**\*\*E-Filed 6/29/09\*\***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff.<br><br>    v.<br><br>JASON SUBLET,<br><br>           Defendant. | Case Number CR 05-00443 JF (HRL)<br><br>ORDER[1] DENYING MOTION TO MODIFY OR VACATE SENTENCE<br><br>[Re: Docket Nos. 24, 25] |

Defendant Jason Sublet ("Sublet") seeks modification of his federal sentence to account for time served in state custody, thereby giving effect to a concurrent state sentence. He also contends that the Federal Bureau of Prisons has calculated improperly his credit for time served. In the alternative, he asks that his guilty plea be set aside. The Court has read the moving and responding papers and has considered the applicable law. For the reasons discussed below, the motion will be denied.

## I. BACKGROUND

On May 16, 2005, Sublet was arrested on state felony charges. Santa Clara Superior Court Case No. EE504326. Bail was set at $100,000. On July 13, 2005, Sublet was indicted on

---

[1] This disposition is not designated for publication in the official reports.

federal mail theft and firearms charges and a no-bail warrant was issued. On or about this date, Sublet attempted to post bail on the state charges, but he was denied release in light of the no-bail federal warrant.

On July 5, 2006, Sublet pled guilty to two of the three federal counts. The plea agreement included the following waiver: "I agree not to file any collateral attack on my conviction or sentence under 28 USC 2255, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated." On July 12, 2006, this Court sentenced Sublet to eighty-four months in the custody of the Bureau of Prisons. The judgment ordered that "the defendant [be] remanded to the custody of the United States Marshal." Sublet claims that the California Department of Corrections and Rehabilitation improperly failed to return him to federal custody..

On July 18, 2006, Sublet pled guilty to the pending state charges. On August 10, 2006, he was sentenced to a term of three years to run "concurrent to the seven-year term he's currently serving on a federal matter." The state court committed Sublet to the California Department of Corrections and Rehabilitation, in whose custody Sublet served his state sentence until April 9, 2007, when he was transferred to the Bureau of Prisons to serve his federal sentence. The Bureau of Prisons did not give Sublet credit for time served on his state sentence.

On December 3, 2007, Sublet requested that this Court modify his sentence to give effect to the state court's directive that his state sentence run concurrent to his federal sentence. On January 10, 2008, he sought administrative relief, requesting that the Bureau of Prisons credit his time in state custody. The Bureau of Prisons requested clarification with respect to the issue from this Court on February 14, 2008. This Court had no position and thus did not respond. On June 20, 2008, the Bureau of Prisons rejected Sublet's administrative request, citing, in part, the fact that the Court "elected not to state its position."

## II. DISCUSSION

### A. Concurrent Sentences

Sublet asks that this Court reduce his federal sentence by three years, or that the Court retroactively designate the state facility in which he served his sentence a place of federal

2

confinement. However, the relief sought simply is not within this Court's purview. As the Ninth Circuit held in *Del Guzzi v. U.S*, "we have no authority to violate the statutory mandate that federal authorities need only accept prisoners upon completion of their state sentence and need not credit prisoners with time spent in state custody." *Del Guzzi v. U.S.*, 980 F.2d 1269, 1271 (9th Cir. 1992). "Only the Attorney General or the Bureau, as his delegate, has [the] power" to order that sentences be treated as concurrent. *Barden v. Keohane*, 921 F.2d 476, 483 (3rd Cir. 1990). The decision of the Bureau of Prisons in Sublet's case clearly was within its authority: "[A] state judge's imposition of a concurrent sentence is nothing more than a recommendation to federal officials that federal officials are free to disregard." *Taylor v. Sawyer*, 284 F.3d 1143, 1152 (9th Cir. 2002). When the Bureau of Prisons, in the course of its administrative review, solicited the Court's advice, no recommendation was provided because this Court had, and could have had, no position with regard to a later sentence imposed by a different court. This Court intended to sentence Sublet to eighty-four months on the federal charges, and nothing more. If the Bureau of Prisons needed further guidance as to "the intent of the Sentencing Court" with respect to whether Sublet's state sentence could have been credited against the federal sentence, it could have consulted the state-court record or the state-court sentencing judge.

**B.  Improper Execution of Sentence**

Sublet also argues that the Bureau of Prisons improperly calculated the credit to which he was entitled. He asserts that he was not allowed to post bail in the state case because of the federal no-bail warrant ("Willis credit"), and that state court agents improperly failed to return him to federal custody. Again, this Court is not the proper forum for this claim. Sublet currently is incarcerated at the Federal Correctional Institution in Herlong, California, in the Eastern District of California. "Federal district courts have no authority to monitor the execution of a prisoner's sentence. That task is left to the Bureau of Prisons. The proper forum to challenge the execution of a sentence is the district where the prisoner is confined." *Dunne v. Henman*, 875 F.2d 244 (9th Cir. 1989).

3

C.  **Invalidation of Guilty Plea**

Sublet asks that his guilty plea be set aside because this Court did not inform him that it could not guarantee him a concurrent sentence. "Before accepting a guilty plea, a district court must inform a federal defendant against whom state charges are pending that a federal court lacks authority to impose a sentence to be served concurrently with a state sentence." *United States v. Neely,* 38 F.3d 458, 459 (9th Cir. 1994). However, the state court in fact did impose a concurrent sentence; to the extent that Sublet was treated differently than he expected, the critical event appears to have been the failure of the state prison authorities to transfer him properly to federal custody, a failure beyond the reach of this Court's supervisory powers.

## III. ORDER

Good cause therefor appearing, the motion to modify or vacate sentence is DENIED.

**IT IS SO ORDERED.**

DATED: 6/26/2009

_____
JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

David C Johnson     tennischaz@yahoo.com

Matthew Shaw Harris     mharris@da.co.santa-clara.ca.us

Jason Sublet
10304-111
Federal Correctional Institution
PO Box 800
Herlong, CA 96113